UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHEN EDWARD HAJEK,

Petitioner,

v.

DANIEL E. CUEVA, Warden, California Medical Facility at Vacaville,

Respondent.

Case No.  20-2568 LF

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR STAY**

Respondent filed a motion to dismiss petitioner's petition for writ of habeas corpus on the ground that it contains multiple unexhausted claims for relief.  ECF Doc. No. 39.  In response, petitioner, a condemned inmate, filed a motion to stay the current proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005), so he can return to state court to exhaust his unexhausted claims.  ECF Doc. No. 42.  Respondent opposes the motion to stay, arguing that petitioner has failed to show good cause for a stay.  ECF Doc. No. 43.  For the reasons discussed below, the motion to dismiss for failure to exhaust is DENIED and the motion to stay is GRANTED.

**BACKGROUND**

In 1995, petitioner and his co-defendant, Loi Tan Vo, were convicted in Santa Clara County Superior Court of the first-degree murder of Su Hung.  Evidence at trial showed that petitioner and Vo, who were both 18 years old, went to the home of 16–year–old Ellen Wang, with whom petitioner had been arguing, and killed Hung, who was Wang's grandmother.  The jury found true the lying-in-wait and torture-murder special circumstances.  Both petitioner and Vo

Case No.: 20-2568

were sentenced to death. *People v. Hajek and Vo*, 58 Cal. 4th 1144, 1157 (2014).

On August 6, 2012, petitioner filed a state habeas petition. In 2014, while petitioner's state habeas petition was pending, the California Supreme Court affirmed his conviction and death sentence, but reversed the lying-in-wait special circumstance. *Id*. On January 29, 2020, the California Supreme Court denied petitioner's state habeas petition.

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on April 14, 2020. ECF Doc. No. 1. This request was granted. His case was referred to the Selection Board for recommendation of counsel. On April 21, 2020, the Federal Public Defender for the Central District of California was appointed.

On June 5, 2020, petitioner filed a motion for equitable tolling. The Court ruled that petitioner's lack of counsel until April 21, 2020, warranted that the statute of limitations be tolled until that date. ECF Doc. No. 15. Subsequently, the parties agreed that extraordinary delays caused by the COVID-19 pandemic warranted further equitable tolling until August 21, 2021. ECF Doc. No. 28. Petitioner filed his federal habeas petition on August 17, 2021. ECF Doc. No. 31. In a Joint Statement filed on November 15, 2021, the parties agreed that claims 2, 3, 6, 7.C.3, 16.B, 19.C, 19.D, 19.E.4, 19.E.16, 23.A.2.b, 23.A.2.C, 24.B.2, 24.B.3 and 26.B.1 are unexhausted. ECF Doc. No. 37. The instant briefing followed.

## LEGAL STANDARD

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. A district court must stay a

Case No.: 20-2568

mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 5401 F.2d 1019, 1024 (9th Cir. 2008).

## DISCUSSION

Petitioner alleges that post-conviction counsel's ineffective assistance constitutes good cause for his failure to exhaust his unexhausted claims. He asserts that his claims are potentially meritorious, and that he has not been dilatory in pursuing the unexhausted claims. Respondent disagrees. As discussed below, petitioner meets the *Rhines* requirements for a stay.

    **1.    GOOD CAUSE**

Petitioner alleges that the ineffective assistance of his state habeas counsel constitutes good cause for his failure to exhaust. He asserts that because all of the evidence in support of his unexhausted claims was available to state habeas counsel, these claims could have been raised in

Case No.: 20-2568

his state habeas petition, but were not. He alleges that state habeas counsel's failure to raise these claims constituted ineffective assistance.

The Ninth Circuit has held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay." *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). The court found that such a conclusion was consistent with and supported by *Martinez v. Ryan*, 132 U.S. 1309, 1315 (2012), which held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default. *Id.*

The good cause element is the equitable component of the *Rhines* test. *Blake*, 745 F.3d at 982. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id.* The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id.* He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the court of appeals found that the district court abused its discretion in denying a stay and remanded the case. *Id.* at 983-84.

Petitioner advances a reasonable excuse, supported by sufficient evidence, to satisfy *Blake*. Petitioner alleges that state habeas counsel failed to raise a variety of claims even though they were apparent from the record. For example, state habeas counsel failed to raise the allegations contained in claim 6. In this claim, petitioner alleges that the demographics of the jury venire did not reflect a fair cross-section of the community. ECF Doc. 31 at 53-57. Petitioner asserts that according to the 1990 census data for Santa Clara County, the number of Hispanics eligible to serve on a jury comprised 16.1% of all persons eligible to serve on a jury. *Id*. at 56. Of the 395 persons summonsed to the venire however, only 11.6% were Hispanic. Petitioner alleges that

Case No.: 20-2568

state habeas counsel's failure to challenge this statistical disparity constitutes ineffective assistance. Furthermore, state habeas counsel failed to raise the allegations in claim 3. In this claim, petitioner alleges that the prosecutor's failure to preserve evidence of blood under co-defendant Vo's fingernails constituted prosecutorial misconduct. Petitioner claims that the blood was apparent in photographs obtained during discovery, and that state habeas counsel was ineffective for failing to raise this prosecutorial misconduct claim. Petitioner's showing of post-conviction ineffective assistance satisfies the *Rhines* good cause requirement. *See Blake*, 745 F.3d at 983; *see also Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) ("[w]here a petitioner was represented by state post-conviction counsel and must establish, in his federal habeas proceedings, that counsel's ineffectiveness for failure to exhaust, the petitioner must do more than simply make 'a bald assertion' of ineffectiveness.")

Respondent argues that petitioner's failure to provide a declaration from state habeas counsel explaining whether the omissions petitioner challenges were trial tactics proves fatal to petitioner's showing of good cause. ECF Doc. No. 43 at 7-8. This level of proof, however, is not required for a *Rhines* stay. *See Bolin v. Baker*, 994 F.3d 1154, 1157 (9th Cir. 2021) ("[w]e held in *Blake* that the *Rhines* standard is "not any more demanding than the cause standard articulated in *Martinez* [*v. Ryan*, 566 U.S. 1, 14, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)]"). The *Martinez* exception was designed "[t]o protect prisoners with a *potentially* legitimate claim of ineffective assistance of trial counsel." *Martinez*, 566 U.S. at 9 (emphasis added). Here, petitioner has provided a reasonable excuse supported by evidence for his failure to exhaust. He has established good cause under *Rhines*.

### 2. MERIT OF CLAIMS

Under the second prong of the *Rhines* test, a federal habeas petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" in order to obtain a stay. *Dixon*, 847

Case No.: 20-2568

F.3d at 722. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Id.* (*citing Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Cassett*, 406 F.3d at 624 (*citing Lundy*, 455 U.S. at 515).

Petitioner argues that his unexhausted claims are not plainly lacking in merit and meet the requirements for a stay under *Rhines*. ECF Doc. No. 42 at 15. As an example, he asserts that he has alleged in claim 3 that the prosecution failed to preserve evidence of blood under co-defendant Vo's fingernails, that Vo's hands were photographed at booking, and that photographs appear to display blood under his fingernails. He asserts that the failure to test and preserve this blood evidence materially prejudiced him. Petitioner has articulated a cognizable claim supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. It cannot be said that petitioner's claim is plainly meritless. *See Rhines*, 544 U.S. at 277. Petitioner has met the second prong of the *Rhines* test.

### 3. ABSENCE OF DILATORY TACTICS

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Respondent argues that petitioner has been dilatory because he has not yet filed his state exhaustion petition. California law, however, requires a petitioner to first obtain a ruling from a federal court as to which claims are unexhausted. *See In re Reno*, 55 Cal. 4th 428, 523 n. 3 (2012) ("we require that such exhaustion petitions clearly and affirmatively allege which claims were deemed by the federal court to be exhausted, and which were not. Such allegations must be supported by 'reasonably

Case No.: 20-2568

available documentary evidence,' such as a copy of the district court's order"). Petitioner has not been dilatory in this regard.

Petitioner has been following this Court's Habeas Local Rules in litigating his petition. There is no evidence that petitioner has engaged in dilatory litigation tactics to date. Petitioner satisfies the third prong of *Rhines*.

## CONCLUSION

For the above-mentioned reasons, the Court finds as follows:

1) Respondent's motion to dismiss is DENIED;

2) Petitioner's motion for a stay is GRANTED;

3) Counsel for petitioner shall file an exhaustion petition raising claims 2, 3, 6, 7.C.3, 16.B, 19.C, 19.D, 19.E.4, 19.E.16, 23.A.2.b, 23.A.2.C, 24.B.2, 24.B.3 and 26.B.1 in state court within 90 days of the date of this Order;

5) One hundred and twenty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this court a brief report updating the Court on the status of his state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated: August 22, 2022

/s/ Beth Labson Freeman
BETH L. FREEMAN
United States District Judge

Case No.: 20-2568